|  |  |
|---|---|
| ARNEL CATACUTAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I, Inc., TRUST Inc., 2006-HE4, to whom the debt is owed, is organized and exists under the laws of the State of New York, NORTHWEST TRUSTEE SERVICES, INC., existing under the laws of the United States,<br><br>　　　　　Defendants. | Case No:  C 11-3936 SBA<br><br>**ORDER TRANSFERRING VENUE** |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

Plaintiffs[1] filed the instant pro se mortgage fraud action in this Court on August 10, 2011, along with a request to proceed in forma pauperis under 28 U.S.C. § 1915.  In their Complaint, Plaintiffs allege that Defendants Deutsche Bank National Trust Company and Northwest Trustee Services, Inc., have illegally attempted to foreclose on their home located at 1789 Andrews Circle, Suisun City, California 94585.  They allege that Court has jurisdiction based on the diversity of the parties, 28 U.S.C. § 1332.  See Compl. ¶ 1, Dkt. 1.

Venue in diversity cases is governed by 28 U.S.C. § 1391(a), which specifies that:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal

---

[1] Although the caption only references Arnel Catacutan, the Complaint is signed by both Arnel Catacutan and Myra Catacutan.

|  |  |
|---|---|
| 1 | jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. |
| 2 | |

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Venue may be raised by a court sua sponte where, as here, the defendants have not yet filed a responsive pleading and the time for doing so has not run.  <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986).

The Northern District of California is the wrong venue for this action.  The property that forms the basis of this action is Plaintiffs' residence located in Suisun City, California.  Compl. ¶¶ 5, 11-21.  Suisun City is located in Solano County.  As such, Plaintiff should have filed their action in the Eastern District of California, Sacramento Division.  <u>See</u> E.D. Cal. L.R. 120(d).  Accordingly,

IT IS HEREBY ORDERED THAT, in the interests of justice, the instant action is TRANSFERRED to the Eastern District of California, Sacramento Division.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: October 26, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CATACUTAN et al,

      Plaintiff,

 v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY et al,

      Defendant.
                                             /

Case Number: CV11-03936 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 27, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arnel Catacutan
1789 Andrews Drive
Suisun City, CA 94585

Myra Catacutan
1789 Andrews Drive
Suisun City, CA 94585

Dated: October 27, 2011
                                      Richard W. Wieking, Clerk

                                                 By: LISA R CLARK, Deputy Clerk